IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE GONZALEZ, for herself and a class, and PEOPLE OF THE STATE OF ILLINOIS ex rel. NICOLE GONZALEZ, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| CHECK SECURITY ASSOCIATES LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Nicole Gonzalez and the People of the State of Illinois (ex rel. Nicole Gonzalez seek redress from unlawful practices committed by Check Security Associates LLC, contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The ICAA reflects a determination that "the practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1337 and 1367.

5. Because defendant's collection communications were sent to Gonzalez, who lives here, and because defendant does business in this district, personal jurisdiction and venue are proper here..

**PARTIES**

6. Nicole Gonzalez lives in the Northern District of Illinois.

7. Check Security Associates – a limited liability company organized under New York law, which is located at 4246 Ridge Lea Road, Suite 64, Amherst, New York 14226, and whose registered agent is Richard C. Slisz, 14 Lafayette Square Suite #1700, Buffalo, New York 14203 – seeks to collect defaulted consumer debts originally owed by others, using the mail, telephone and electronic wire services to do so, all in the general course of trade and commerce. The actions it took against Gonzalez (as alleged herein) were done in the course of its commercial activities.

8. Check Security Associates is a "debt collector," as that term is defined in the FDCPA. It is also a "collection agency," as that term is defined in the ICAA

9. Defendant Check Security Associates, LLC has never held a license under the ICAA. (Exhibit A.)

**FACTS**

10. On or about January 22, 2015, defendant Check Security Associates, LLC called Gonzalez seeking to collect a purported loan, made for personal, family or household purposes.

11. A second call from Check Security Associates was made to Gonzalez's husband, on or about January 23, 2015, asking about collection on the same debt.

12. As of February 2, 2015, no "notice of debt" in the form set forth in 15 U.S.C.

§1692g was received by Gonzalez. On information and belief, no such written notice was sent to her, contrary to the requirements of 15 U.S.C. §1692g.

13. Gonzalez called Check Security Associates in response to these calls. An employee of Check Security Associates said that the debt on which collection was being attempted was originated by Bottom Dollar Payday. To the best of Gonzalez's recollection, the loan was for $500, with an interest charge of $150 due every two weeks; Gonzalez did make multiple payments on these loans, through automatic clearing house ("ACH") withdrawals from her bank account in Illinois, with the principal amount being renewed every two weeks.

14. The loan was made at an interest rate greatly exceeding the 9% Illinois civil usury limit established by 815 ILCS 205/4.

15. The loan was made at an interest rate greatly exceeding the 20% Illinois criminal usury limit established by 720 ILCS 5/17-59.

16. The loan was made by a lender which did not have a banking or credit union charter, and was not licensed by the Illinois Department of Financial and Professional Regulation to make loans to Illinois residents at a rate exceeding the 9% which may be charged by an unlicensed lender, either under the Payday Loan Reform Act, 815 ILCS 122/1-1 *et seq*. ("PLRA") or the Consumer Installment Loan Act, 225 ILCS 670/1 *et seq*. ("CILA").

17. On information and belief, Check Security Associates, obtained portfolios of payday or high-interest loans allegedly owed by Illinois residents to collect. Debts are normally placed in groups of similar debts rather than individually.

18. On information and belief, Check Security Associates obtained portfolios of payday or high-interest loans allegedly owed by Illinois residents that were made by lenders which did not have a banking or credit union charter, and were not licensed by the Illinois Department of Financial and Professional Regulation to make loans to Illinois residents at a rate exceeding the 9% which may be charged by an unlicensed lender.

19. All such loans (including Gonzalez's purported loan) were unlawful and unenforceable.

20. Illinois has consistently applied its statutes regulating payday and other high-interest loans to all loans made to Illinois residents, including internet loans, without regard to the location of the lender and without regard to contractual choice of law provisions. On information and belief, Bottom Dollar Payday (the original creditor on Gonzalez's payday loan) was ordered to cease and desist from lending by the IDFPR, on account of its lack of a license. *Bottom Dollar Payday*, 13 CC 395 (IDFPR June 19, 2013). See also *Insight Capital*, 13 CC 512 (IDFPR Dec. 19, 2013); *MNE Services, Inc.*, 13 CC 499, 13 CC 503 (IDFPR Dec. 17, 2013); *Goldline Funding Group*, 13 CC 515 (IDFPR Dec. 12, 2013); *Great Eagle Lending*, 13 CC 508 (IDFPR Nov. 18, 2013); *North Star Finance*, 13 CC 501 (IDFPR Nov. 18, 2013); *Joro Resources*, 13 CC 504 (IDFPR Nov. 15, 2013); *Hydrafund.org,* 13 CC 339 (IDFPR May 3, 2013); *Western Sky Financial*, 13 CC 265 (IDFPR March 8, 2013); *Fireside Cash*, 12 CC 567 (IDFPR Dec. 10, 2012); *Red Leaf Ventures*, 12 CC 569 (IDFPR Dec. 5, 2012); *VIP Loan Shop*, 12 CC 573 (IDFPR Dec. 5, 2012); *Hammock Credit Services*, 12 CC 581 (IDFPR Nov. 26, 2012); *Integrity Advance, LLC*, 12 CC 444 (IDFPR Oct. 5, 2012); *Kenwood Services*, 12 CC 445 (IDFPR Oct. 5, 2012); *Mountain Top Services I*, 12 CC 423 (IDFPR Oct. 5, 2012); *Money Mutual*, 12 CC 408 (IDFPR Sept. 21, 2012);[1] and *Global Payday Loan*, 07 CC 119 (IDFPR May 30, 2007).

21. The PLRA prohibits waiver of its provisions by the borrower (815 ILCS 122/4-40 and 122/4-5(10)(d)), and expressly covers Internet loans (815 ILCS 122/1-10).

22. Defendant knew or recklessly disregarded the fact that the loans it was attempting to collect were unenforceable.

---

[1] All of these orders may be retrieved at http://www.idfpr.com/DFI/CCD/Discipline.asp.

23. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2)    The false representation of –**

        **(A)    the character, amount, or legal status of any debt; or**

        **(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.... [and]**

    **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.... [and]**

    **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

24. 15 U.S.C. §1692f provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

25. Furthermore, Check Security Associates was entitled to collect nothing from Gonzalez, or any other resident of Illinois, for it was not licensed as a collection agency by the IDFPR, as required by the ICAA.

26. 225 ILCS 425/4 provides:

**No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these**

**same privileges are permitted in that licensed state to agencies licensed in Illinois.**

## COUNT I – FDCPA

27. As described herein, defendant violated 15 U.S.C. §§1692e, 1692f and 1692g.

## CLASS ALLEGATIONS

28. Gonzalez brings this claim on behalf of a class.

29. The class consists of all individuals with Illinois addresses from whom defendant sought to collect a loan made at more than 9% interest, by an entity which (a) did not possess a bank or credit union charter and (b) was not licensed by the Illinois Department of Financial and Professional Regulation, where any communication or activity to collect such loan occurred on or after a date one year prior to the filing of this action.

30. Because, on information and belief, there are at least 40 individuals in the class, joinder of all of them is impractical.

31. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common question is whether defendant engages in a practice of attempting to collect illegal debts.

32. Gonzalez's claim is typical of the claims of the class members, in that it is based on the same facts, and legal theories, as the claims of the class members.

33. Gonzalez will fairly and adequately represent the class members. Gonzalez has retained counsel experienced in class actions and FDCPA litigation. Neither Gonzalez nor her counsel have any interests which might cause them not to vigorously pursue this action.

34. A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (A)    statutory damages,

    (B)    actual damages including all amounts collected from class members,

    (C)    attorney's fees, expenses and costs of suit, and

    (D)    all other proper relief.

## COUNT II – ICAA

35.    As described herein, defendant violated 225 ILCS 425/4.

36.    The People of the State of Illinois, through Gonzalez, are entitled to seek relief for this violation under 225 ILCS 425/14a:

> **The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

WHEREFORE, the People of the State of Illinois are entitled to judgment, awarding

    (A)    an injunction against further collection activity directed at Illinois residents,

  (B)  attorney's fees, litigation expenses and costs of suit, and

  (C)  all other proper relief

                s/ Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

  Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                s/ Daniel A. Edelman
                Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

  Plaintiffs hereby demand that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiffs demand that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                s/ Daniel A. Edelman
                Daniel A. Edelman